IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| B.S., a minor, by and through his mother and next friend, MICHELLE SODERBERG, and MICHELLE SODERBERG, individually, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:15-cv-04002-NKL ) |
| FOREST LABORATORIES, INC. and FOREST PHARMACEUTICALS, INC., | ) ) ) |
| Defendants. | ) ) |

**ORDER**

Pending before the Court is Plaintiffs' motion to remand, Doc. 9. Plaintiffs' motion is denied.

**I.    Background**

Plaintiffs Michelle Soderberg and her minor child filed this action in the Cole County Circuit Court on November 26, 2014. Plaintiffs allege that Defendants negligently manufactured, marketed, and sold Lexapro, a prescription anti-depressant, and that Soderberg's ingestion of Lexapro caused her child to be born with congenital abnormalities.

On January 7, 2015, Defendants Forest Laboratories and Forest Pharmaceuticals removed this action on the basis of diversity jurisdiction. Plaintiffs and Defendants agree that Forest Laboratories is incorporated in Delaware with its principal place of business

in New Jersey, making it a citizen of both Delaware and New Jersey.  They also agree that Forest Pharmaceuticals is incorporated in Delaware, making it a citizen of Delaware.

Parties dispute Forest Pharmaceuticals' principal place of business.  Neither party contests that until at least July 2014, Forest Pharmaceuticals' principal place of business was located at its headquarters in Missouri.  However, in July 2014, Actavis purchased Forest Pharmaceuticals.  Actavis is headquartered in New Jersey.  Defendants contend that after Actavis purchased Forest Pharmaceuticals, Forest Pharmaceuticals began the process of relocating its headquarters to New Jersey.  Between July and November, Forest Pharmaceuticals entered into purchase and sales agreements to sell their Missouri property and appointed new officers who worked out of New Jersey. Defendants contend that these actions were sufficient to shift Forest Pharmaceuticals' principal place of business to New Jersey.  Plaintiffs argue, however, that as of November 26, 2014 when the complaint was filed, Forest Pharmaceuticals was still being run out of its headquarters in Missouri.  Plaintiffs are both citizens of Missouri.  Therefore, if Forest Pharmaceuticals is a citizen of Missouri, there is no complete diversity under 28 U.S.C. § 1332(c)(1), and the Court lacks subject matter jurisdiction.

**II.     Discussion**

Upon removing an action to federal court, the defendant bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction over the case.  *In re Prempro Products Liability Litigation*, 591 F.3d 613, 620 (8th Cir. 2010); *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969).  "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved

in favor of state court jurisdiction and remand." *Baumgartner v. Ford Motor Credit Co.*, 2007 WL 2026135, at *1 (W.D. Mo. July 9, 2007).

In order to determine whether the Court has subject matter jurisdiction over this action, the Court must decide where Forest Pharmaceuticals' principal place of business was located on November 26, 2014 when Plaintiffs commenced this action in Cole County. *Grupo Dataflux v. Atlas Global Group, L.P., et al.*, 541 U.S. 567, 570 (2004) (noting that a court's jurisdiction depends on the facts as they existed at the time the complaint was filed). In support of their contention that Forest Pharmaceuticals' principal place of business was in Missouri on November 26, 2014, Plaintiffs have submitted three exhibits: (1) Forest Pharmaceuticals' 2014 registration with the Missouri Secretary of State's office, listing its principal place of business in St. Louis; (2) a screen shot of the Secretary of State's website listing the company's principal office as St. Louis as of January 2015; and (3) an Answer filed on November 5, 2014 in a separate action in Cole County wherein Forest Pharmaceuticals admitted that its principal place of business was in Missouri.

Defendants submitted a declaration of William Meury, the Vice President of Forest Pharmaceuticals, describing the relocation of the company from Missouri to New Jersey, as well as a document showing that new officers were appointed to the Board of Directors of Forest Pharmaceuticals on October 13, 2014. Defendants also filed a copy of a pending motion to amend Forest Pharmaceuticals' Answer in the above referenced Cole County action. Following two oral arguments before the Court, Defendants filed a supplemental declaration of Mr. Meury stating that since October 13, 2014, Forest

3

Pharmaceuticals' officers have directed, controlled, and coordinated its activities from New Jersey and have made no decisions from Missouri.[1] [Doc. 30-1]. Defendants also state that prior to November 4, 2014, core business functions and medical information and communication personnel were informed that their functions would be performed at locations outside of Missouri. The last day the person in charge of medical information and communication in St. Louis reported to work in St. Louis was October 17, 2014. Defendants state that since October 13, 2014, Forest Pharmaceuticals has directed the field sales force from New Jersey. Finally, Defendants note that two Purchase and Sales Agreements for Forest Pharmaceuticals' St. Louis properties, executed in October 2014, directed that all communications regarding the sales be mailed to Forest Pharmaceuticals in New Jersey. Defendants state that the decisions to sell these two properties were made in New Jersey prior to November 4, 2014.

In 2010, the Supreme Court decided *Hertz Corporation v. Friend*, which clarified the test to be applied in determining where a company's principal place of business is located. 559 U.S. 77 (2010). The Supreme Court concluded that "'principal place of business' is best read as referring to the place where a corporation's officers direct,

---

[1] Plaintiffs contend that the Court should not consider this supplemental declaration because Defendants submitted the document "too little, too late." They argue that Defendants' initial evidence regarding Forest Pharmaceuticals' principal place of business was insufficient for Defendants to establish diversity jurisdiction, and that Defendants should not now be permitted to correct their mistakes with additional evidence that was available to Defendants at the time they filed their earlier response. The Court granted Defendants leave to file a supplemental declaration in this case. The Court declines to now elevate form over substance, and will evaluate the merits of the motion to remand in light of all of the evidence before the Court rather than dismissing Defendants' supplemental declaration as untimely.

control, and coordinate the corporation's activities. It is the place that the Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.* at 92-93. This "nerve center" rule acts to prevent a corporation from being able to change its principal place of business on a whim in response to anticipated litigation. Unlike a company's place of incorporation, which can be changed on a whim, a company must uproot its entire center of direction in order to change its principal place of business.

According to Mr. Meury's declaration, Forest Pharmaceuticals began the process of moving its principal place of business from Missouri to New Jersey after Actavis acquired Forest Pharmaceuticals on July 1, 2014. [Doc. 15-1, p. 2]. On October 13, 2014, the Board of Forest Pharmaceuticals appointed new officers. *Id.* at 3-5. The vast majority of these officers were located in Parsippany, New Jersey at the time of the appointment, and all are located there today. *Id.* at 3. Mr. Meury states that Forest Pharmaceuticals' officers have been directing and controlling the company from New Jersey since October 13, 2014. [Doc. 30-1, p. 1-2]. Some of the actions taken by the Board from New Jersey since October include the decision to transition core business functions from St. Louis to locations elsewhere, the decision to transfer the drug safety department from St. Louis to locations outside of Missouri, direction of field sales force

5

activities, and decisions to enter into purchase and sales agreements to sell two properties in St. Louis. *Id.* at 1-4.

Plaintiffs have made almost no arguments regarding the factual assertions in Mr. Meury's declaration regarding the election of the officers, location of the officers, or sale of the St. Louis properties. They do not argue that the company did not appoint new officers in October 2014, that those officers were not located almost exclusively in New Jersey, or that the company had not entered into sales agreements to get rid of its property in St. Louis as of October. They also do not contest the information contained in Mr. Meury's supplemental declaration, which expanded on the content of the Board's decisions and the extent of control exercised by Forest Pharmaceuticals' officers from New Jersey beginning in October 2014. What arguments Plaintiffs do make are entirely speculative. For example, they argue sans evidence that the officers from New Jersey may have traveled to Missouri to hold meetings in the Missouri office space.[2]

---

[2] Even if Plaintiffs had produced evidence to support their theory, such meetings would not preclude a finding that the company's principal place of business is in New Jersey. The Supreme Court's holding in *Hertz* specifically notes that the location of board meetings is not dispositive when determining a company's principal place of business. *See id.* at 93 (The principal place of business should be "the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)."). Plaintiffs have not contested that Forest Pharmaceuticals appointed new officers in October 2014, almost all of whom were located in New Jersey and none of whom were located in Missouri. *See* [Doc. 15-1, p. 3] ("Since October 13, 2014, the vast majority of Forest Pharmaceuticals' officers have been located in Parsippany, NJ, and none have been located in Missouri."). Though this statement does not indicate whether Forest Pharmaceuticals' officers ever traveled to Missouri for a meeting, if nearly all officers of the company have been located in New Jersey since October and have been making their decisions there regarding property sales, staffing transitions, and sales direction, the nexus of Forest Pharmaceuticals' decision making has clearly not been Missouri. Moreover, in the

6

In lieu of contesting Defendants' factual assertions, Plaintiffs argue that Defendants have failed to meet their burden of proof to show that Forest Pharmaceuticals' principal place of business was in New Jersey in November 2014. As discussed above, Defendants' primary evidence to prove the location of its principal place of business is Mr. Meury's declarations and accompanying documents. Though this evidence is somewhat minimal, declarations such as these, when uncontested, have often been held to be sufficient to establish a company's principal place of business. *See Hertz*, 559 U.S. at 81-82, 97 (stating that the petitioner's "unchallenged declaration" suggested that a company's headquarters were located in New Jersey when the declaration stated that the leadership of the company was located at corporate headquarters in New Jersey, "that its core executive and administrative functions … are carried out' there and 'to a lesser extent' in Oklahoma City, Oklahoma; and that its 'major administrative operations … are found' at those two locations"); *see Doe v. Prudential Ins. Co. of America*, 2010 WL 2326065, at *2 (E.D. Mo. June 8, 2010) (holding that a sparse affidavit was sufficient to establish the company's principal place of business when plaintiff produced no evidence that another state was the actual center of control); *see also Dasta v. Response Worldwide Ins. Co.*, 2010 WL 2902734 (W.D. Mo. July 20, 2010) (concluding that defendant's principal place of business was Illinois when defendant "submitted an affidavit stating that its officers direct, control, and coordinate its activities from its headquarters in Illinois").

---

supplemental declaration Mr. Meury stated that "[s]ince no later than October 13, 2014, no officer of Forest Pharmaceuticals has made decisions about Forest Pharmaceuticals' activities while that officer was located in Missouri." [Doc. 30-1, p.1].

7

Plaintiffs argue that these cases are inapposite because Defendants' declaration here has been contested. Plaintiffs contend that they contested Defendants' declaration by arguing that Forest Pharmaceuticals' principal place of business was located Missouri rather than New Jersey in November 2014. Where, as here, the documents presented by the defendant indicate a change in a company's principal place of business, and there is no evidence that the change is a sham, there is a presumption that the company's principal place of business has changed. *Hertz*, 559 U.S. at 81-82, 97; *see also Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 360 (3d Cir. 2013). The burden of production then shifts to the plaintiff to suggest that the defendant's evidence is insufficient.

While Plaintiffs have contested Defendants' contention that Forest Pharmaceuticals' principal place of business is located in New Jersey, they have done so by pointing to public documents supporting their contention that the company was being run out of Missouri at the time of the filing of the complaint, rather than by contesting the content of Mr. Meury's declarations. *See, i.e., Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 360 (3d Cir. 2013) (distinguishing between evidence presented to support the plaintiff's argument, and evidence which contradicts that presented by the defendant). However, Plaintiffs' evidence does not shed light on the question of where Defendants exercised actual control over Forest Pharmaceuticals at the time of filing of the complaint. The Supreme Court's decision in *Hertz* makes clear that the correct inquiry in determining a company's principal place of business is where the company's nexus of control is located. The opinion went to great lengths to clarify that the public's

perception of the location of a company's nerve center is not what determines its principal place of business for jurisdictional purposes. *See Hertz*, 559 U.S. at 96 ("if the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the 'principal place of business' is New York").

Plaintiffs' first exhibit reflects that as of July 10, 2014 when Forest Pharmaceuticals' registration was filed with the Missouri Secretary of State's office, Forest Pharmaceuticals was representing that its principal place of business was Missouri. Defendants do not contest that Forest Pharmaceuticals made this representation. Defendants argue, however, that Forest Pharmaceuticals made this representation because as of the time the document was filed, the information contained therein was accurate. This document was filed ten days after Forest Pharmaceuticals was acquired by Actavis and three months before the company entered into sales agreements for their property and appointed new officers. Given the proximity of the acquisition date and lack of evidence that Forest Pharmaceuticals had done anything to move its principal place of business as of July 10, 2014, this document is not dispositive of the company's principal place of business four months later, after the company had clearly begun to transition away from Missouri. Nor does anything in this document suggest that as of November 2014, the company was still being directed out of Missouri.

In response to Plaintiffs' second exhibit, showing that Forest Pharmaceuticals' address was still listed as Missouri on the Secretary of State's website in January 2015, Defendants argue that Forest Pharmaceuticals simply had not gotten around to updating

its information with the Secretary of State's office by the time Plaintiffs visited the website in January. In light of the *Hertz* decision, this delay is not fatal to Defendants' argument that Forest Pharmaceuticals' principal place of business was in New Jersey as of November 2014. *Hertz*, 559 U.S. at 96. In *Hertz*, neither public perception of a company's principal place of business nor a company's address in a Securities and Exchange Commission ("SEC") filing was sufficient proof of a company's principal place of business. *Id.* at 97. Nothing in Plaintiffs' arguments or exhibit suggest that the company was being controlled in Missouri due to the ongoing representation on the Secretary of State's website that Forest Pharmaceuticals' principal place of business was in St. Louis.

For the same reasons, Defendants' November 2014 admission that its principal place of business was Missouri in a pleading in a separate case filed in Cole County is not dispositive of Forest Pharmaceuticals' nerve center. Furthermore, Defendants submitted evidence that Forest Pharmaceuticals is attempting to amend the pleading to correct the representation. Plaintiffs have not asserted that they detrimentally relied on this representation, or that Defendants should be estopped from claiming New Jersey citizenship based on their prior representations in state court. Of additional note is the date of filing of the Complaint which Defendants were responding to in the Answer cited by Plaintiffs. The Complaint was filed in July 2014, immediately following the Actavis acquisition of Forest Pharmaceuticals. Defendants have argued that Forest Pharmaceuticals' principal place of business was located in New Jersey no later than October 2014. Therefore, their failure to contest the Cole County plaintiffs' assertion

that Forest Pharmaceuticals' principal place of business was located in Missouri in July 2014 is not inherently in conflict with Defendants' arguments in this case.

The case cited by Plaintiffs to support their contention that Defendants' declaration is contested and is insufficient to establish that New Jersey was Forest Pharmaceuticals' principal place of business in November 2014 is distinguishable. Plaintiffs rely on *Hendricks v. Interstate Brands Corp.* to support their argument that Forest Pharmaceuticals' filings with the Secretary of State's office and representation in Cole County that its principal place of business was in Missouri demonstrate that the company's nerve center was in Missouri in November 2014. 2009 WL 4893204 (W.D. Mo. Dec. 10, 2009). This case is not dispositive of the question before the Court, as *Hendricks* was decided prior to the Supreme Court's 2010 decision in *Hertz*. As mentioned above, *Hertz* also specifically noted that information contained in a company's filing with the SEC is not determinative of the location of a company's principal place of business. *Hertz*, 559 U.S. at 97. Furthermore, while the court in *Hendricks* based its decision in part on the defendant's representations in court filings that its principal place of business was in Missouri, there is no evidence that the defendant in *Hendricks* ever attempted to correct the representations as Defendants did here. The *Hendricks* defendant also had made representations in no fewer than five separate court filings, unlike here where there is evidence of only one filing admitting to Forest Pharmaceuticals' principal place of business being in Missouri.

In light of the evidence presented by both parties, the Court concludes that Defendants have met their burden to show that Forest Pharmaceuticals' principal place of

11

business was located in New Jersey on November 26, 2014, at the time of the filing of the complaint.[3]  Absent production of some evidence by Plaintiffs suggesting that the content of Mr. Meury's declarations is not true, Defendants have produced sufficient evidence for the Court to rely on in determining the company's nerve center.  Mr. Meury's declarations reflect that Forest Pharmaceuticals' controlling officers were located in and directing the company from New Jersey as of November 2014, making New Jersey Forest Pharmaceuticals' principal place of business.  Therefore, there is complete diversity and the Court has subject matter jurisdiction over the case.

## III.   Conclusion

For the reasons set forth above, Plaintiffs' motion to remand is denied.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  April 28, 2015
Jefferson City, Missouri

---

[3] The Court notes that neither party requested an evidentiary hearing on this matter, which left the Court to decide the issue based on the evidence presented in the briefing.