IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| B.S., a minor, by and through his mother and next friend, MICHELLE SODERBERG, and MICHELLE SODERBERG, individually, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:15-cv-04002-NKL ) |
| FOREST LABORATORIES, INC. and FOREST PHARMACEUTICALS, INC., | ) ) ) |
| Defendants. | ) ) |

**ORDER**

Pending before the Court is Plaintiffs' motion to dismiss without prejudice, Doc. 36. For the reasons set out below, Plaintiffs' motion is denied.

**I.  Background**

Plaintiffs Michelle Soderberg and her minor child filed this action in the Cole County Circuit Court on November 26, 2014. Plaintiffs allege that Defendants negligently manufactured, marketed, and sold Lexapro, a prescription anti-depressant, and that Soderberg's ingestion of Lexapro caused her child to be born with congenital abnormalities.

On January 7, 2015, Defendants Forest Laboratories and Forest Pharmaceuticals removed this action on the basis of diversity jurisdiction. Subsequently, Plaintiffs filed a motion to remand, contending that there was not complete diversity. On April 28, 2015, the Court denied the motion to remand.

**II. Discussion**

Plaintiffs request that the Court dismiss this lawsuit without prejudice so that it can be refiled in a jurisdiction where consolidated litigation is ongoing. They also request that the Court toll the statute of limitations by thirty days to allow them to refile the lawsuit elsewhere. Defendants oppose dismissal. If the Court finds that dismissal is appropriate, Defendants submit that they should be awarded fees and costs.

Federal Rule of Civil Procedure 41(a)(2) gives the Court the option to dismiss an action at the request of the plaintiff. "A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision or seek a more favorable forum." *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.*, 187 F.3d 941, 950 (8th Cir. 1999).

Plaintiffs present four arguments to justify their requested dismissal: (1) the objective of their initial lawsuit – proceeding as a part of consolidated litigation – can no longer be achieved, (2) dismissal would not result in a waste of judicial time or effect, (3) dismissal will not prejudice Defendants, and (4) their motion is not made in an attempt to avoid federal jurisdiction and is merely an attempt to achieve judicial efficiency and conserve judicial resources. However, the Court concludes that prior and ongoing litigation in this and similar cases makes dismissal unwarranted.

2

This lawsuit was originally filed on March 31, 2014, in the District Court for the District of New Jersey. The case was assigned to the district's Master Docket coordinating similar cases. In September 2014, Plaintiffs moved for voluntary dismissal without prejudice in the District of New Jersey, and the motion was granted over Defendants' objections. In November 2014, Plaintiffs refiled the petition in the Circuit Court of Cole County, and Defendants removed the action here. At the time Plaintiffs refiled the petition in Cole County, there was also consolidated litigation proceeding in Hudson County, New Jersey.

Today, there is Lexapro litigation occurring in Hudson County, New Jersey; Morris County, New Jersey[1]; St. Louis City, Missouri[2]; and Cole County, Missouri.[3] Most notably, at the time Plaintiffs filed their motion for voluntary dismissal three Lexapro cases were also pending before this Court in the Western District of Missouri: *Soderberg v. Forest Labs., Inc.* (2:15-cv-04002-NKL), *Dorsey v. Forest Labs., Inc.* (2:15-cv-04031-NKL), and *Bergman v. Forest Labs., Inc.* (2:15-cv-04325-NKL). Plaintiffs do not specify where they plan to refile their lawsuit. This lack of specificity, the fact that Plaintiffs have already refiled their action once, and Plaintiffs' failure to identify why the coordinated proceedings already occurring before the Court were insufficient to meet

---

[1] Only one case is pending in Morris County.
[2] Only one case is pending in St. Louis County.
[3] Plaintiffs' prior motion to remand, which the Court denied in April, requested that this case be remanded to Cole County to proceed in consolidated litigation there. The Court denied the motion, concluding that Defendants had properly removed the action. [Doc. 32]. Therefore, any attempt by the Plaintiffs to refile the lawsuit in Cole County would likely fail at achieving Plaintiffs' stated objective of proceeding in consolidated litigation, as Defendants could properly remove the action back to the Western District of Missouri.

3

their goals of consolidated litigation, or how they will be able to consolidate the litigation in a single place, suggest that Plaintiffs are more motivated by forum shopping than efficiency.

As discussed above, Plaintiffs have already been granted one voluntary dismissal of this action by the District Court in New Jersey. After the action was dismissed, Plaintiffs decided to refile in Cole County, though Lexapro litigation was also occurring in Hudson County, New Jersey. The only jurisdiction in which coordinated Lexapro litigation is currently occurring outside of the Western District of Missouri and Cole County is Hudson County, New Jersey. As Plaintiffs already had the option to refile in Hudson County once and opted not to do so, the Court sees no compelling reason to permit them to now backtrack and pursue litigation in what Plaintiffs may have now determined to be a more amenable forum. "In the removal context, [Rule 41(a)(2)] coincides with other measures which 'strike a balance between the plaintiff's right to select a particular forum and the defendant's right to remove the case to federal court.'" *Thatcher v. Hanover Ins. Group, Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011) (quoting *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011)). If the Plaintiffs were permitted to refile their case in Hudson County, New Jersey, this would likely prevent Defendants litigating this dispute in a federal forum.[4] As Defendants properly removed the action to federal court, it would be inappropriate for the Court to now permit

---

[4] As discussed in the order denying Plaintiffs' motion to remand, Defendants are citizens of New Jersey. [Doc. 32].

Plaintiffs to refile the case, thereby depriving Defendants of a federal forum for the litigation, in the absence of some clear justification for doing so. *Id.*

## III. Conclusion

For the reasons set forth above, Plaintiffs' motion to dismiss is denied.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: July 8, 2015  
Jefferson City, Missouri

5

Case 2:15-cv-04002-NKL   Document 38   Filed 07/08/15   Page 5 of 5